```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALEX MERCHANT,

                    Plaintiff,
                                           ORDER
        -against-                          11-CV-3130(JS)(AKT)

NASSAU COUNTY, NASSAU COUNTY
CORRECTIONS CENTER-NCCC,
SHERIFF MICHAEL SPOSATO,
COUNTY ATTORNEY/NASSAU COUNTY,

                    Defendants.
----------------------------------X
APPEARANCES:
FOR Plaintiff:      Alex Merchant, Pro Se
                    # 11003996
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance.
```

SEYBERT, District Judge:

On June 29, 2011, incarcerated pro se plaintiff Alex Merchant ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Nassau County, Nassau County Corrections Center ("NCCC"), Sheriff Michael Sposato, and the County Attorney for Nassau County (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED, but, for the reasons that follow, the Complaint is sua suponte dismissed. Plaintiff is granted thirty (30) days to file an Amended Complaint as set forth below.

BACKGROUND

According to the brief, handwritten Complaint submitted

on the Court's civil rights complaint form, Plaintiff was placed on the "adolescent tier" upon arriving at the Nassau County Correctional Center. Plaintiff alleges that he is 19 years old, and, as such, he belonged on the adult tier. (Compl. at ¶ IV). Plaintiff claims that he told "the COs" that he was 19, but "they just laughed" at Plaintiff. (Id.). Eleven days later, while still on the adolescent tier, Plaintiff describes that he was "jumped" by other inmates and then "[m]ased" by unidentified corrections officers. (Id.). As a result of the alleged assault, Plaintiff claims to have suffered injuries to his shoulder and back. (Id.). Plaintiff alleges that he was then moved to an "adolescent lock-in tier" notwithstanding Plaintiff's request to be moved to an adult tier. (Id.). Plaintiff then submitted a grievance that resulted in his being moved to an adult tier. (Id.). Plaintiff claims that despite putting in "sick calls" he has received no medical treatment for his injuries. (Compl. at ¶ IV.A.). Plaintiff claims that his shoulder is "out of place" and his back is having "a lot of problems." (Id.).

As a result of the foregoing, Plaintiff seeks unspecified "money compensation" for his claimed injuries and for "them putting me on a [sic] adolescents tier." (Compl. at ¶ V).

## DISCUSSION

I. <u>In Forma Pauperis</u>

Having reviewed Plaintiff's declaration in support of his

application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they

3

allege civil rights violations."). Moreover, at this state of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent an allegation that such acts are attributable to

4

a municipal custom, policy or practice. See Monell v. New York City Dep. of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978); see also Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (Section 1983 requires a plaintiff suing a municipality to show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'").

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360

5

Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims

### A. Claims Against Sheriff Michael Sposato and the Nassau County Attorney

Although Plaintiff names Sheriff Sposato and the Nassau County Attorney as Defendants, there are no factual allegations concerning these Defendants, nor are they even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold these Defendants liable solely because of the positions they hold. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See, supra at 5-6. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y.2009); see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondent superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement of Defendant Sposato or the County Attorney. Accordingly, the Section 1983 claim asserted against these Defendants are not plausible and are dismissed.

B. Claims Against NCCC

NCCC is an "administrative arm" of the County of Nassau and, thus, "lacks the capacity to be sued" under Section 1983. Mendez v. Sposato, No. 10-CV-5219 (JS)(WDW), 2011 WL 976468, *3 (E.D.N.Y. Mar. 15, 2011); Hawkins v. Nassau County Correctional Facility, No. 10-CV-1808 (JFB)(AKT), 2011 WL 441798, *1 n. 1 (E.D.N.Y. Feb. 8, 2011). Accordingly, the Complaint is dismissed as against NCCC.

C. Claims Against Nassau County

To the extent that the Complaint purports to allege a Section 1983 claim against Nassau County based on the misconduct of its personnel, such claims are insufficiently pled. Plaintiff wholly fails to allege that any of the challenged actions were undertaken pursuant to a municipal policy, practice or custom that deprived Plaintiff of a constitutional right as is required by Monell, 436 U.S. 658 (1978) and its progeny. Accordingly, the Complaint fails to state a plausible claim against Nassau County and is dismissed.

D. <u>Inadequate Medical Care Claim</u>

As stated above, Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999). Here, Plaintiff does not state which federal right was allegedly violated. Affording the <u>pro se</u> complaint a liberal reading, it appears that Plaintiff claims inadequate medical care in violation of the Eighth Amendment. Insofar as Plaintiff seeks to hold Defendants liable under Section 1983 for his being placed on the adolescent tier, such claim is not plausible. Although Defendants may have been negligent, such conduct does not give rise to a Constitutional violation. <u>Catanzaro v. Weiden</u>, 140 F.3d 91, 97, n. 1 (2d Cir. 1998) (noting "the general proposition that mere negligence cannot constitute a due process violation") (citing <u>Daniels v. Williams</u>, 474 U.S. 327, 332 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986) ("noting that to hold that negligence could amount to a constitutional violation 'would trivialize the centuries-old principle of due process of law'"). Accordingly, Plaintiff's claim regarding his housing on the adolescent tier is dismissed.

Plaintiff is granted leave to amend his Complaint to allege that a particular individual or individuals were deliberately indifferent to his serious medical needs. See, e.g. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222

(1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 (when addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."); see also Farmer v. Brennan, 511 U.S. 825, 834-35, 114 S. Ct. 1970, 1977-78, 128 L. Ed. 2d 811 (1994); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). In the amended complaint, Plaintiff must provide a statement of his claim, including the dates that he requested and/or received medical treatment and he must identify the individual(s) who were personally involved. If Plaintiff cannot identify the person(s) within the time allowed in this Order, he may designate the defendant(s) as "John/Jane Doe(s), Badge #____ (if known), employed at (location) on (date)" in the caption and in the body of the Amended Complaint along with descriptive information.

**The Amended Complaint must be filed within thirty (30) days of the entry date of this Order.** It must be titled "Amended Complaint" and bear the same docket number as this Order, No. 11-CV-3130 (JS)(AKT). If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be dismissed and judgment shall enter. If Plaintiff files an Amended Complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915A.

CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is granted, the Complaint is sua sponte dismissed as to Nassau County, Sheriff Sposato, the County Attorney, and NCCC pursuant to 28 U.S.C. § 1915A(b). Plaintiff is granted leave to file an Amended Complaint as set forth in this Order **within thirty (30) days from the date that notice of entry of this Order is served upon him.** If Plaintiff fails to file an Amended Complaint within this time period, judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   20  , 2011
         Central Islip, New York